## JOSEPH STEVENS *vs.* ELIJAH AUSTIN.

If A. obtain the goods of B. by misrepresentation and fraud, although under the forms
of a sale, and sell them to C. who has knowledge of such fraud, B. may maintain
trover for them against C. without a previous demand.

Where B. received the promissory note, &c. of A. for goods which A. fraudulently ob-
tained of him and sold to C. who had knowledge of the fraud ; it was held, that B.
might maintain an action of trover for the goods against C. without restoring the note
to A.

THIS action, which was trover for a wagon, came before the
court on exceptions to the ruling of *Warren,* J. in the trial
thereof in the court of common pleas.

The defendant claimed the wagon by virtue of an alleged sale
made to him by Leonard Foster. It was not denied that the wagon
was once the property of the plaintiff; and there was evidence,
at the trial, tending to prove that before the said alleged sale,
Foster had obtained the wagon of the plaintiff by fraud and false
pretences, giving his (Foster's) promissory note to the plaintiff
for $ 85, fifteen dollars in cash, and a bill issued by the Frank-
lin Bank in Boston, and taking from the plaintiff a bill of sale
of the wagon, wherein it was valued at $ 100 ; that the wagon
was never delivered to Foster, but that he carried it away with-
out the plaintiff's consent ; and that when Foster transferred the
wagon to the defendant, the defendant knew that the same had
been thus fraudulently obtained from the plaintiff.

The plaintiff brought said promissory note, cash and bank bill,
into court, and offered to leave them on the files of the court,

47 *

for the use of Foster, or to make such other disposition of them as the court should order.

The defendant contended that the plaintiff could not maintain this action without showing that he had restored, or offered to restore, the aforesaid promissory note, cash and bank bill, before the commencement of the action. But the judge ruled otherwise ; and it was to this ruling that the defendant alleged exceptions.

Various questions, arising from the evidence, as to the character of the transactions between the plaintiff and Foster, and between Foster and the defendant, were submitted to the jury, under instructions which were not excepted to, and a verdict was returned for the plaintiff.

*Wentworth* and *G. Parker*, for the defendant.

*L. Williams*, for the plaintiff.

SHAW, C. J. The plaintiff being owner of a wagon, it was obtained from him by Foster, under the forms of a sale, but in fact, as the verdict has established, by misrepresentation and fraud. The defendant obtained it of Foster, with knowledge of the fraud. It is entirely clear, therefore, that the plaintiff had a right to maintain trover for it, and that without a demand ; because the possession, both of Foster and of the defendant, was wrongful and constituted a conversion. Bul. N. P. 44. *Hurst* v. *Gwennap*, 2 Stark. R. 306. *Yates* v. *Carnsew*, 3 Car. & P. 101. *Thurston* v. *Blanchard*, 22 Pick. 18.

Then the question is, whether the plaintiff was bound to tender back the note and money he had received, before he could bring his action. We think he was not : Not to the defendant ; for the plaintiff had received nothing of him. Nor could the defendant raise the question, whether the plaintiff had made restoration to Foster, or not. It was *res inter alios*, with which the defendant had no concern, and was wholly irrelative to the issue between the parties.

*Exceptions overruled.*